J-S50036-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GLENN BRENNAN, | : | |
| | : | |
| Appellant | : | No. 1377 EDA 2020 |

Appeal from the PCRA Order Entered June 30, 2020
in the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003262-2015

BEFORE:    BENDER, P.J.E., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY SHOGAN, J.:                    **FILED: JUNE 11, 2021**

Appellant, Glenn Brennan, appeals from the order entered on June 30, 2020, dismissing his timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. Counsel has petitioned to withdraw pursuant to **_Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988), and **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988) (_en banc_).[1] After review, we grant counsel's petition to withdraw and affirm the order of the PCRA court.

A prior panel of this Court provided the following background:

---

[1] Counsel's original certificates of service for the letter, petition to withdraw, and **_Turner_**/**_Finley_** brief indicated service on the Commonwealth only. Therefore, on May 19, 2021, this Court denied counsel's petition to withdraw and directed counsel to send a copy of the letter, petition to withdraw, and **_Turner_**/**_Finley_** brief to Appellant with amended certificates demonstrating proper service on Appellant and the Commonwealth. On May 24, 2021, counsel complied.

*Retired Senior Judge assigned to the Superior Court.

The record reveals that Appellant committed and conspired to commit multiple robberies of commercial establishments between January 11, 2015, and February 28, 2015. In connection with those crimes, on March 19, 2015, Appellant was charged with eleven counts of robbery (threatening to commit serious bodily injury),[1] eleven counts of conspiracy to commit robbery (threatening to commit serious bodily injury),[2] eleven counts of robbery (inflicting serious bodily injury, threatening to inflict serious bodily injury, or intentionally putting one in fear of immediate bodily injury),[3] eleven counts of conspiracy to commit robbery (inflicting serious bodily injury, threatening to inflict serious bodily injury, or intentionally putting one in fear of immediate bodily injury),[4] eleven counts of theft by unlawful taking,[5] eleven counts of conspiracy to commit theft by unlawful taking,[6] eleven counts of receiving stolen property,[7] eleven counts of conspiracy to commit receiving stolen property,[8] ten counts of making terroristic threats,[9] ten counts of possessing an instrument of crime,[10] ten counts of simple assault,[11] and ten counts of recklessly endangering another person.[12]

[1] 18 Pa.C.S. § 3701(a)(1)(ii).

[2] 18 Pa.C.S. § 903(a)(1).

[3] 18 Pa.C.S. § 3701(a)(1)(iv).

[4] 18 Pa.C.S. § 903(a)(1).

[5] 18 Pa.C.S. § 3921(a).

[6] 18 Pa.C.S. § 903(a)(1).

[7] 18 Pa.C.S. § 3925(a).

[8] 18 Pa.C.S. § 903(a)(1).

[9] 18 Pa.C.S. § 2706(a)(1).

[10] 18 Pa.C.S. § 907(a).

[11] 18 Pa.C.S. § 2701(a)(3).

[12] 18 Pa.C.S. § 2705.

On July 27, 2015, Appellant entered guilty pleas to all charges. On December 28, 2015, the trial court sentenced Appellant to consecutive terms of eighteen to thirty-six months of incarceration on the eleven counts of robbery (threatening to commit serious bodily injury), and a concurrent term of twenty years of probation for one count of conspiracy to commit robbery (threatening to commit serious bodily injury). No further penalty was imposed at the remaining counts. This resulted in an aggregate sentence of sixteen and one-half to thirty-three years of incarceration and a concurrent term of twenty years of probation. On January 6, 2016, Appellant filed a timely post-sentence motion for reconsideration of his sentence. Following a hearing, the trial court denied Appellant's post-sentence motion.

**Commonwealth v. Brennan**, 161 A.3d 373, 1490 EDA 2016 (Pa. Super., filed February 10, 2017) (unpublished memorandum at *1–3). Appellant appealed to this Court, challenging the discretionary aspects of his sentence. Upon review, we affirmed Appellant's judgment of sentence. Appellant filed a petition for allowance of appeal, which our Supreme Court denied on August 8, 2017. **Commonwealth v. Brennan**, 170 A.3d 978, 145 MAL 2017 (Pa., filed August 8, 2017).

The PCRA court recounted the procedural history of this case, as follows:

On March 26, 2018, [Appellant] filed a timely, *pro se* PCRA petition. By order dated May 4, 2018, PCRA counsel was appointed and was directed to file an amended petition setting forth all claims [Appellant] sought to pursue. On May 14, 2018, PCRA counsel filed a petition for an extension of time within which to file his amended petition. By Order dated May 23, 2018, PCRA counsel's request was granted.

On August 21, 2018, PCRA counsel filed a "no-merit" letter pursuant to [**Turner** and **Finley**] and moved to withdraw as PCRA counsel due to a lack of meritorious issues. In the **Turner**/**Finley** letter, PCRA counsel asserted that his review of the record and his discussions with [plea] counsel revealed no

- 3 -

basis to question the voluntariness of [Appellant's] plea. PCRA counsel also advised … that [Appellant] had failed to respond to counsel's inquiries regarding [Appellant's] discussions with [plea] counsel and his understanding of the rights he was surrendering by entering the plea. PCRA counsel concluded that without [Appellant's] cooperation and input, he could find no basis for PCRA relief.

On November 20, 2018, PCRA counsel filed a motion requesting additional time to examine [Appellant's] claims based on a communication he received from [Appellant] on November 19, 2018. By Order dated November 27, 2018, PCRA counsel was granted until January 15, 2019[,] to file an amended PCRA petition.

On January 7, 2019, PCRA counsel again filed for leave to withdraw due to [Appellant's] continued failure to communicate with counsel. After reviewing [Appellant's] *pro se* petition, counsel's "no merit" letter and the record in this case, th[e PCRA c]ourt entered a Notice of Intent to Dismiss pursuant to [Pennsylvania Rule of Criminal Procedure] 907 on April 24, 2019, advising [Appellant] that th[e PCRA c]ourt intended to dismiss [Appellant's] request for PCRA relief without a hearing and further advising him that he had twenty days from the entry of the order to file a response to the Notice of Intent to Dismiss and PCRA counsel's **Turner/Finley** letter. [Appellant] did not file a response.

By Order dated June 14, 2019, th[e PCRA c]ourt scheduled a video status hearing for July 18, 2019[,] to confirm [Appellant's] receipt of the **Turner/Finley** letter and the Notice of Intent to Dismiss and to inquire whether he intended to file a response. At that hearing, PCRA counsel advised th[e PCRA c]ourt that [Appellant] had experienced difficulty communicating with counsel but that problem had been discussed and addressed between he [*sic*] and his client. Based on their pre-hearing discussions, PCRA counsel requested additional time to investigate potential meritorious issues. PCRA counsel's request was granted and he was directed to submit a proposed scheduling order by August 1, 2019. On July 22, 2019, PCRA counsel submitted a proposed scheduling order. By Order dated July 31, 2019, PCRA counsel was granted leave to file an amended PCRA petition on or before September 30, 2019. On September 5, 2019, PCRA counsel filed an amended PCRA

- 4 -

petition[, raising a single claim of ineffective assistance of plea counsel for convincing Appellant to "plead guilty by erroneously telling him he had no chance to suppress statements obtained from him by police while he was under the effect of intoxicating substances, and incapable of giving voluntary, knowing and intelligent consent to waive the presence and advice of counsel." Motion to Amend PCRA Petition, 9/5/19, at ¶ 2(a).] On September 26, 2019, the Commonwealth filed its Answer. On February 7, 2020, a hearing was held. [At the hearing, the PCRA court heard testimony from plea counsel and Appellant regarding counsel's decision not to file a suppression motion.] At the conclusion of the hearing, the parties were directed to file briefs. By Order dated June 30, 2020, [Appellant's] request for PCRA relief was denied.

PCRA Court Opinion, 7/27/20, at 7–8 (record citations omitted).

This timely-filed notice of appeal followed. The PCRA court directed Appellant to file a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). In lieu of filing a concise statement, counsel filed a statement of intent to file an **Anders**/**Santiago**[2] brief pursuant to Rule 1925(c)(4). The PCRA court filed a Rule 1925(a) opinion on July 27, 2020. As noted, counsel has filed a **Turney**/**Finley** brief in this Court on Appellant's behalf, and counsel's petition to withdraw remains outstanding.

Prior to addressing the merits of any issues on appeal, we must first decide whether counsel has fulfilled the procedural requirements for

---

[2] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Rule 1925(c)(4) applies to an **Anders**/**Santiago** brief, which is applicable on direct appeal only. Where counsel seeks to withdraw on appeal from the denial of PCRA relief, a **Turner**/**Finley** "no-merit letter" or brief is the appropriate filing. **Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014).

withdrawing his representation. **Commonwealth v. Daniels**, 947 A.2d 795, 797 (Pa. Super. 2008). This Court has listed conditions counsel must satisfy when seeking to withdraw in a collateral appeal:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under **Turner**, **supra** and **Finley**, **supra** and ... must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> * * *

> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner/Finley**, the [court in which the application was filed, meaning the trial court or the appellate court] must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

In the application filed with this Court, counsel explained he reviewed the case, spoke with Appellant and plea counsel, reviewed the PCRA court's decision dismissing Appellant's PCRA petition, and concluded there were no issues of merit. **Turner**/**Finley** Brief at unnumbered 1. Counsel listed the issue Appellant sought to raise and explained why the appeal is without

merit. *Id.* at unnumbered 3.  In addition, counsel certified that he served upon Appellant, *inter alia*, a copy of the petition to withdraw, the **Turner**/**Finley** brief, and a letter addressed to Appellant accompanying those documents. Certification of Service, 5/24/21.  The letter sent to Appellant advised Appellant of his immediate right to proceed *pro se* or through privately retained counsel.  We conclude that counsel has substantially complied with the requirements necessary to withdraw as counsel.  **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with the requirements to withdraw as counsel will satisfy the **Turner/Finley** criteria).  Thus, we will permit counsel to withdraw if, after our independent review, we conclude that the claims relevant to this appeal lack merit.

In the **Turner**/**Finley** brief, counsel set forth the sole issue Appellant wanted to raise on appeal:  whether plea counsel was ineffective for failing to file a motion to suppress Appellant's statement to police based on the argument that Appellant was unable to waive his **Miranda**[3] rights because he was going through heroin withdrawal.  **See Turner**/**Finley** Brief at unnumbered 2–3.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level."  **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super.

_____

[3] **Miranda v. Arizona**, 384 U.S. 436 (1966).

2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). A PCRA court's credibility findings are to be accorded great deference. **Commonwealth v. Dennis**, 17 A.3d 297, 305 (Pa. 2011) (citation omitted). "Where the record supports the PCRA court's credibility determinations, such determinations are binding on a reviewing court." **Id**. (citation omitted).

In order to plead and prove ineffective assistance of counsel, a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. **Commonwealth v. Stewart**, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any one of these prongs. **Commonwealth v. Martin**, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to have rendered effective assistance of counsel. **Commonwealth v. Montalvo**, 114 A.3d 401, 410 (Pa. 2015). Moreover, we have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. **Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). Further, "[w]e need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may

discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case." ***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) (citing ***Commonwealth v. Albrecht***, 720 A.2d 693, 701 (Pa. 1998)).

Ineffective-assistance-of-counsel claims in connection with the entry of a guilty plea serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Id.*** (citation and quotation marks omitted).

The PCRA court addressed Appellant's claim as follows:

> First, [Appellant] did not establish that he lacked sufficient cognitive awareness to understand the Miranda warnings and voluntarily waive his rights as a result of drug use or because he was experiencing withdrawal symptoms. As to his drug use, [Appellant] acknowledged [at the PCRA hearing] that his drug use did not interfere with his ability to function. He testified that his ability to comprehend was not impacted until he began to experience withdraw[al] symptoms following his arrest. As to the effects of drug withdraw[al], although [Appellant] may have been experiencing physical symptoms of distress from withdrawal, he admitted under oath that he understood the Miranda warnings. He initialed and signed a written Miranda waiver form and signed and dated the incident reports relating to the robberies to acknowledge his verbal admissions of guilt to police. [Appellant's] cognitive awareness was also demonstrated by the statement he gave to police. [Appellant] was able to clearly communicate with the officers both before and after the administration of Miranda warnings, recalling and relating in

great detail the facts and circumstances involved in each of the robberies. His attempt to implicate his co-defendant during the interview "further evidenced not a coerced mind overborne with pain and intimidation but, instead, a freely calculating mind exploring ways to secure a more favorable result for himself." Commonwealth [v.] Johnson, … 107 A.3d 52, 94 (Pa. 2014). The statements allegedly made by police regarding delay in treatment also cannot serve as a basis for relief. Assuming *arguendo* that those statements were made, [Appellant's] claim of ineffective assistance of counsel is based on an alleged involuntary waiver of his Miranda rights. At the PCRA hearing, [Appellant] testified that the statements were not made until after he waived his Miranda rights and was in the process of confessing. The statements therefore could not have had any impact on [Appellant's] decision to waive his Miranda rights.

[Appellant] also failed to prove that his guilty plea was primarily motivated by his statement to police since he admitted on cross examination that he intended to enter a guilty plea "regardless" of his statement to police. This [c]ourt did not find [Appellant's] testimony to the contrary to be credible. Both [Appellant] and [plea] counsel testified that [Appellant] informed [plea] counsel that he intended to enter a guilty plea from the outset of [plea] counsel's representation of [Appellant]. The evidence against [Appellant], separate and apart from his statement, was overwhelming. All eleven robberies were connected by virtue of their timing, location, eyewitness descriptions of the perpetrator, eyewitness descriptions of the weapon used and the common plan, scheme and design of the crimes themselves, all of which w[ere] confirmed by video surveillance footage. [Appellant] was arrested after police observed him "casing" another convenience store in a vehicle that had been placed at the scene of at least one other robbery through video surveillance. When he was subsequently stopped by police after his unsuccessful attempts to elude them, police noted that he matched the physical description of the perpetrator of the robberies and was wearing clothing matching the clothing worn by the perpetrator of the robberies. A weapon matching that[,] which was brandished during the robberies[,] was found on his person. [Appellant's] cellular telephone was later searched, revealing two photographs of interest—a photograph taken on February 5, 2015[,] of a wad of cash and a photograph taken on February 13, 2015[,] of a large amount of money and a gun. That search also revealed a text message

- 10 -

wherein [Appellant] made reference to committing a robbery. Finally, following his incarceration, [but prior to pleading guilty, Appellant] told another inmate about "a few robberies" that he committed. Based on the testimony and all of the surrounding circumstances, th[e PCRA c]ourt concluded that [Appellant] was motivated not by [plea] counsel's opinions regarding suppression but rather by his recognition that it was in his best interest to enter a guilty plea to mitigate his sentence. [Appellant], in fact, took full advantage of this strategy at sentencing by advising th[e c]ourt that he took "full responsibility" for his crimes "from the very beginning" and received a sentence in the mitigated range of the sentencing guidelines.

Finally, [Appellant] failed to establish that [plea] counsel's advice was incompetent. As explained above, [plea] counsel correctly judged that [Appellant's] potential suppression issue lacked merit. He also correctly judged that, due to the overwhelming evidence against [Appellant], successfully suppressing [Appellant's] statement to police would not offer any greater potential for success at trial. [Plea] counsel's opinion regarding the merits of suppression based on Miranda and his decision to focus on mitigating the offenses by showing [Appellant's] cooperation and acceptance of responsibility in conjunction with other mitigation evidence were supported by the facts of the case and the applicable law and were clearly designed to and, in fact, did effectuate his client's interests. Simply stated, [plea] counsel provided effective assistance in this case.

PCRA Court Opinion, 7/27/20, at 12–15 (footnote and some citations omitted).

We agree with the PCRA court's conclusion. The record supports the PCRA court's credibility determinations, and we agree with counsel that Appellant's claim lacks merit. Following our independent review of the record, we conclude there are no meritorious issues upon which Appellant may obtain relief. Having determined that the June 30, 2020 order must be

affirmed, we grant counsel's petition to withdraw pursuant to *Turner/Finley*.

Petition to withdraw as counsel granted. Order affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/11/21